UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLETTE STARK,<br><br>                           Plaintiff,<br><br>v.<br><br>FIRST MERIDIAN FINANCIAL, INC., a Delaware corporation,<br><br>                          Defendant. | Case No.: 19-cv-1835-WQH-JLB<br><br>**ORDER** |

HAYES, Judge:

      The matter before the Court is the Motion for Default Judgment filed by Plaintiff Collette Stark. (ECF No. 12).

**I.    BACKGROUND**

      On September 24, 2019, Plaintiff Collette Stark, proceeding *pro se*, filed a Complaint against Defendant First Meridian Financial, Inc. ("First Meridian") (ECF No. 1). Stark alleges in the Complaint that First Meridian is a Delaware telemarketing corporation that is headquartered in Fresno, California. Stark alleges that she received unwanted calls and texts to from First Meridian to her personal cellular phone beginning in January 2019. Stark alleges that she registered her personal cellular phone on www.donotcall.gov (the "DNC List") more than thirty-one days before she began receiving calls from First Meridian. (*Id.* ¶ 22). Stark alleges that she "had no prior business

relationship with Defendant prior to receiving the seriously harassing and annoying calls . . . ." (*Id.* ¶ 31).

Stark alleges that the unwanted calls from First Meridian began "with a prerecorded message which then transferred to a live human." (*Id.* ¶ 20). Stark alleges that some of the calls "were marked by an unnatural click or pause at the beginning—signaling to Ms. Stark that the call was placed by an [automated telephone dialing system ("ADTS")] . . . ." (*Id.* ¶ 47). Stark alleges that she told First Meridian to stop calling her, but since then First Meridian "robocalled Plaintiff several more times." (*Id.* ¶ 9). Stark alleges that on September 24, 2019, Vincent Loforti, an "employee" and the "sole owner" of First Meridian, called Stark's cellular phone at 7:35 a.m., 7:40 a.m.,[1] and 8:25 a.m. (*Id.* ¶¶ 3-4, 6). Stark alleges that "Plaintiff was called on her cellular phone at least ten times by Defendant." (*Id.* ¶ 31).

Stark brings claims against First Meridian for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A) and (c). Stark seeks damages in the amount of "$500 plus threefold damages for intentional or willful violation of the Do-Not-Call Registry for each and every call;" $1,500 for each violation of 16 C.F.R. § 610.4(b)(iii)(B) for initiating a call to a number on the DNC List; $1,500 for each violation of 47 C.F.R. § 64.1601(3) for "caller ID spoofing;" $1,500 for each violation of 47 C.F.R. § 64.1200(d)(1) for failure to provide a copy of a "written do not call policy;" $1,500 for each violation of 47 C.F.R. § 64.1200(b)(1) for "failure to state name of business at beginning of call;" $1,500 for each violation of 47 U.S.C. § 227(b)(1) for "using an ATDS and prerecorded message without consent;" $1,500 for each violation of 47 U.S.C. § 227(c) and (d) for calling a number on the DNC List; $1,500 for each violation of 47 U.S.C. § 227(b)(1)(A)(iii) for "willful or knowing call to cellular phone;" and "$5,000 per violation pursuant to California Penal Code § 637.2(a)(1) or, if greater, three times actual damages

---

[1] Stark clarifies in the Motion for Default Judgment that "[t]he 7:40 AM call was actually a text message sent right after the 7:35 AM call." (ECF No. 12 at 7).

as provided in California Penal Code § 637.2(a)(2)." (*Id.* at 18-19). Stark seeks a declaration that First Meridian's actions violated the TCPA, a "preliminary and permanent injunction to restrain further violations of the [California Invasion of Privacy Act ('CIPA')], pursuant to California Penal Code § 637.2(b)," an injunction "prohibiting Defendant from ever contacting Plaintiff ever again in any manner whatsoever, including spam texting, robodialing, and spam emailing," and "any other relief that the Court deems just and proper." (*Id.*).

On September 25, 2019, Stark served First Meridian by first class mail to First Meridian's registered agent for service in Middletown, Delaware. (ECF No. 4). On October 2, 2019, Stark personally served First Meridian's registered agent for service. (ECF No. 3). On October 25, 2019, and November 18, 2019, Stark filed Applications for Entry of Default against First Meridian. (ECF Nos. 5-6, 8-9). On November 18, 2019, the Clerk of the Court entered First Meridian's default. (ECF No. 10). On January 6, 2020, the Court ordered Stark to show cause why the Complaint should not be dismissed due to Stark's failure to file a motion for default judgment within thirty days of the entry of default. (ECF No. 11; Fed. R. Civ. P 55(b)). On January 21, 2020, Stark filed a Response to the Order to Show Cause and a Motion for Default Judgment. (ECF Nos. 12, 14).

Stark moves the Court "to enter default judgment against Defendant . . . for violation of the TCPA, 47 USC § 227(b)(1) and (c)(5), and CIPA, PC § 632.7 and § 637.2, invasion of privacy, and illegal recording." (ECF No. 12 at 4). Stark requests $16,000 for "TCPA violations and CIPA violations combined." (*Id.* at 19). Stark requests "an injunction against Defendant ordering them to cease and desist from violating the TCPA." (*Id.* at 9). Stark requests in the alternative that the Court "enter default judgment as to liability only and thereafter allow Plaintiff, pursuant to FRCP 55(b)(2), to engage in limited discovery as to the amount of damages . . . ." (*Id.* at 4).

## II. DEFAULT JUDGMENT

Stark moves the Court "to enter default judgment against Defendant . . . for violation of the TCPA, 47 USC § 227(b)(1) and (c)(5), and CIPA, PC § 632.7 and § 637.2, invasion

of privacy, and illegal recording." (ECF No. 12 at 4). Rule 55(a) of the Federal Rules of Civil Procedure requires that the Clerk of the Court enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise . . . ." Fed. R. Civ. P. 55(a). Rule 55(b)(2) provides that the Court may grant a default judgment after default has been entered by the Clerk of the Court. Fed. R. Civ. P. 55(b)(2). "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quotation omitted). "Factors which may be considered by courts" in determining whether a default judgment should be granted include

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (citing 6 MOORE'S FEDERAL PRACTICE ¶ 55-05[2], at 55-24 to 55-26).

The first and sixth *Eitel* factors weigh in favor of default judgment. The possibility of prejudice to Stark is high in the event that the Court does not enter default judgment. Default judgment is likely Stark's only recourse for recovery. Stark has demonstrated that First Meridian was served with the Complaint. (ECF Nos. 3, 4). The Clerk of Court has entered default against First Meridian. (ECF No. 10). The possibility that First Meridian's default was due to excusable neglect is low. Although there is a "strong policy . . . favoring decision on the merits," *Eitel*, 782 F.2d at 1472, "the mere existence of FED. R. CIV. P. 55(b) indicates that the seventh *Eitel* factor is not alone dispositive . . . . Defendant's failure to answer [Plaintiff's] Complaint makes a decision on the merits impractical, if not impossible." *Phillip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 501 (C.D. Cal. 2003) (internal quotation omitted) (second alteration in original).

The second and third *Eitel* factors favor default judgment where the plaintiff "state[s] a claim on which the [plaintiff] may recover . . . ." *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). In the Complaint, Stark brings causes of action against First Meridian for violations of the TCPA, 47 U.S.C. § 227(b)(1)(A) and (c). Section 227(b)(1)(A) makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice[ ]" to any cellular phone. 47 U.S.C. § 227(b)(1)(A)(iii). To state a claim under § 227(b)(1)(A)(iii), Stark must prove that "(1) the defendant called a cellular telephone number, (2) using an automated telephone dialing system, (3) without the recipient's prior express consent." *Meyer v. Portfolio Recovery Assocs.*, 707 F.3d 1036, 1043 (9th Cir. 2012).

Stark alleges that First Meridian called Stark on her personal cellular phone "multiple times" since January 2019. (ECF No. 1 ¶ 20). Stark alleges that when she answered some of the calls, she heard a "prerecorded voice . . . [that] advertised merchant cash advance from Defendant." (*Id.* ¶ 46). Stark alleges that the other calls "were marked by an unnatural click or pause at the beginning—signaling to Ms. Stark that the call was placed by an ATDS rather than manually dialed by a person." (*Id.* ¶ 47). Stark alleges that she did not consent to receiving calls from First Meridian. Stark alleges that she told First Meridian to stop calling her the first time she received a call from First Meridian. Stark alleges that First Meridian "robocalled Plaintiff several more times" after she told First Meridian to stop calling. (*Id.* ¶¶ 9, 31). Taking Stark's factual allegations as true, the Court concludes that Stark "state[s] a claim on which [Stark] may recover" pursuant to 47 U.S.C. § 227(b)(1)(A)(iii). *Danning*, 572 F.2d at 1388.

47 U.S.C. § 227(c)(5) provides that "[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under the subsection may [pursue an action]." Stark alleges that First Meridian violated the regulations by "making telemarketing solicitations to residential and wireless telephone numbers listed on the Federal Government's National

Do Not Call Registry." (ECF No. 1 ¶ 55; *see* 47 C.F.R. § 64.1200(c)(2) ("No person or entity shall initiate any telephone solicitation to . . . [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry . . . .")). In the prayer for relief, Plaintiff further alleges that she is entitled to damages for violations of 47 C.F.R. § 64.1200(b)(1), and (d)(1). (ECF No. 1 at 19). Section 64.1200(b)(1) provides that "[a]ll artificial or prerecorded voice telephone messages shall: (1) [a]t the beginning of the message, state clearly the identity of the business, individual, or other entity that is responsible for initiating the call." 47 C.F.R. § 64.1200(b)(1). Section 64.1200(d)(1) provides that "[p]ersons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list." 47 C.F.R. § 64.1200(d)(1).[2]

Stark alleges that she received calls from First Meridian "multiple times" since January 2019. (*Id.* ¶ 20). Stark alleges that she received at least two calls from First Meridian on September 24, 2019. Stark alleges that "Plaintiff was called on her cellular phone at least ten times by Defendant." (*Id.* ¶ 31). Stark alleges that she registered her cellular phone number on the DNC List more than thirty-one days before receiving a call from First Meridian. Stark states in her declaration signed under penalty of perjury that First Meridian "failed to provide me with a copy of their do not call policy." (ECF No. 12 at 23; *see Jianhua Jin v. Tang*, 2018 U.S. Dist. LEXIS 228581, No. CV 16-1884-GW(AJWx), at *7-8 (C.D. Cal. Feb. 22, 2018) (considering sworn declaration and exhibits attached to motion for default judgment in weighing the second and third *Eitel* factors); *G&G Closed Circuit Events LLC v. Espinoza*, No. CV-18-08216-PCT-JAT, 2020 U.S. Dist. LEXIS 11135, at *4-5 (D. Ariz. Jan. 23, 2020) (same)). Plaintiff does not allege that she requested First Meridian's written policy for maintaining a do-not-call-list. Stark does not allege that the prerecorded voice messages failed to identify First Meridian as the party

---

[2] Plaintiff further alleges in the prayer for relief that she is entitled to damages for violations of 47 C.F.R. § "64.1601(3)" and "16 CFR § 610.4(b)(iii)(B)." (ECF No. 1 at 19). These sections do not exist.

responsible for initiating the call. Taking Stark's factual allegations as true, the Court concludes that Stark "state[s] a claim on which [Stark] may recover" pursuant to 47 U.S.C. § 227(c)(5) for violations of 47 C.F.R. § 64.1200(c). *Danning*, 572 F.2d at 1388. The second and third *Eitel* factors weigh in favor of default judgment.

The majority of the *Eitel* factors weigh in favor of default judgment. The Court concludes that Stark is entitled to default judgment against First Meridian pursuant to Rule 55(b)(2) on Stark's claims under 47 U.S.C. § 227(b)(1)(A) and (c). Stark further requests the Court enter default judgment against First Meridian for violations of CIPA, the California Legal Remedies Act ("CLRA"), and 47 C.F.R. § 64.1200(c)(1). Stark does not allege claims against First Meridian under these laws in the Complaint. Stark is not entitled to default judgment against First Meridian under CIPA, the CLRA, or 47 C.F.R. § 64.1200(c)(1).

### III.   DAMAGES

Stark requests that the Court award $16,000 in statutory damages and requests "an injunction against Defendant ordering them to cease and desist from violating the TCPA." (ECF No. 12 at 9). Stark requests in the alternative that the Court "enter default judgment as to liability only and thereafter allow Plaintiff, pursuant to FRCP 55(b)(2), to engage in limited discovery as to the amount of damages . . . ." (*Id.* at 4). Stark contends that she is entitled to treble damages for First Meridian's willful or knowing violations of the TCPA. Stark contends that she has established that First Meridian called Plaintiff two times. Stark contends that First Meridian is liable for $1,500 per call for using an ADTS, $1,500 per call for calling a DNC List-registered phone, $1,500 per call for failing to send Stark a written copy of First Meridian's do not call policy, $1,500 per call for failing to identify the caller at the beginning of each call, and $5,000 per call for unlawfully recording the calls.

Pursuant to Rule 54 of the Federal Rules of Civil Procedure, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). "Plaintiff is required to prove all damages sought in the complaint."

7

19-cv-1835-WQH-JLB

*Phillip Morris USA, Inc.*, 219 F.R.D. at 498. Allegations in the complaint as to the amount of damages are not entitled to an assumption of truth. *See TeleVideo Sys., Inc.*, 826 F.2d at 917-18 (citation omitted). "In determining damages, a court can rely on the declarations submitted by the plaintiff or order a full evidentiary hearing." *Phillip Morris USA, Inc.*, 219 F.R.D. at 498 (citing Fed. R. Civ. P. 55(b)(2)).

The Court has determined that Stark is entitled to default judgment against First Meridian for violating the TCPA by using an ADTS or prerecorded voice, 47 U.S.C. § 227(b)(1)(A)(iii), and by calling Stark's DNC List-registered number. 47 C.F.R. § 64.1200(c). The TCPA provides that a person may bring an action for a violation of the TCPA "to enjoin such a violation" and/or "to recover for actual monetary loss . . . or to receive $500 in damages for each [ ] violation, whichever is greater." 47 U.S.C. § 227(b)(3), (c)(5). The court in its discretion may increase the damages award up to threefold "[i]f the court finds that the defendant willfully or knowingly violated" the TCPA. 47 U.S.C. § 227(b)(3), (c)(5). In the Motion for Default Judgment, Stark requests statutory damages for two calls. Stark's declaration supports her allegation that First Meridian called Stark at least two times in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(c). Stark has not provided support for her contention that First Meridian's violations of the TCPA were willful or knowing. Stark is entitled to statutory damages of $500 for each violation of § 227(b)(1)(A) and $500 for each violation of 47 C.F.R. § 64.1200(c). The Court concludes that Stark is entitled to $2,000 in statutory damages.

In the Motion for Default Judgment, Stark requests "an injunction against Defendant ordering them to cease and desist from violating the TCPA." (ECF No. 12 at 9). In the Complaint, Stark requests "an injunction prohibiting Defendant from ever contacting Plaintiff ever again in any manner whatsoever, including spam texting, robodialing, and spam emailing." (ECF No. 1 at 19; *see* Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.")). Stark has not demonstrated that she is entitled to the injunctive relief she requests. Stark's request for injunctive relief is denied.

Stark requests that the Court allow her "to engage in limited discovery as to the amount of damages . . . ." (ECF No. 12 at 4). Stark does not specify what she seeks to obtain in discovery or how discovery will assist the Court in determining the amount of damages. Stark's request for discovery is denied.

## IV. CONCLUSION

IT IS HEREBY ORDERED that Stark's Motion for Default Judgment (ECF No. 12) is granted. The Clerk shall enter judgment in favor of Stark and against First Meridian in the amount of $2,000.

Dated: March 2, 2020

Hon. William Q. Hayes
United States District Court